UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Daniel Schultz,

          Plaintiff,

v.

City of Madison,

          Defendant.

COMPLAINT

Case No. 17 CV 127

Plaintiff, Daniel Schultz, by and through his attorneys, Bakke Norman, S.C., by Peter M. Reinhardt, states and complains of Defendant as follows:

## PARTIES TO THE ACTION

1. Plaintiff, Daniel Schultz, is an adult individual and resides at 5209 Painted Post Drive, Madison, Wisconsin.

2. Defendant, City of Madison, is a municipal corporation organized and existing under the laws of the State of Wisconsin. Its principal place of business is 210 Martin Luther King Jr. Blvd., Madison, Wisconsin.

3. Defendant, City of Madison, is an employer as that term is defined at 42 U.S.C. §12111(5)(a).

4. Defendant, City of Madison, receives federal funding for some of its programs, including programs associated with employment positions at the City of Madison.

5. The City of Madison's Community Development Block Grant Program, Transportation Improvement Program, Emerging Opportunities Program and Homeownership Assistance Program are programs or activities within the meaning of the Rehabilitation Act of 1973, 29 U.S.C. § 794(b).

1

6. The City of Madison qualifies as a receiver of federal financial assistance because it receives funds for the above-identified programs, as well as other programs. Accordingly, it is a covered employer under the Rehabilitation Act of 1973.

## NATURE OF ACTION

7. Plaintiff Schultz claims the Defendant, City of Madison, discriminated against him in the terms and conditions of his employment based on his disability and retaliated against him for opposing discriminatory employment practices and filing a complaint, all in violation of 42 U.S.C. § 12112(a), 42 U.S.C. § 12112(b)(1) – (b)(7) and 42 U.S.C. § 12203, and the Rehabilitation Act of 1973, 29 U.S.C. § 794.

8. Plaintiff Schultz filed a discrimination complaint with the Department of Workforce Development, Equal Rights Division, on February 19, 2015, Case No. CR201500448 and with the EEOC, Case No. 26G201500525C.

9. Plaintiff Schultz received a Notice of Right to Sue from the EEOC on November 28, 2016.

## JURISDICTION & VENUE

10. Jurisdiction in this court is proper as this case presents federal questions and controversy. Venue in the Western District of Wisconsin is appropriate because the conduct giving rise to Plaintiff's claims occurred in this district.

## ALLEGATIONS

11. Plaintiff Schultz began his employment with the City of Madison in 1991.

12. From 1991 through 2012, Plaintiff Schultz was employed by the City of Madison in

2

various positions including: Street and Sewer Maintenance Worker I (1991 – 1993); Street Machine Operator I (1993 – 2005), Street Machine Operator 2 (2005-2006) and Street Machine Operator 3 (2006 – 2012).

13. As a Street Machine Operator for the City of Madison, Plaintiff Schultz, was required to maintain a valid commercial driver's license.

14. Plaintiff Schultz's commercial driver's license has never been suspended or revoked.

15. In March of 2012, Plaintiff Schultz involuntarily resigned from his employment position of Street Machine Operator 3, due to a positive drug test.

16. Plaintiff Schultz reapplied for employment with the City of Madison and was subsequently hired as a seasonal parks maintenance worker from May 2012 through October 2012.

17. In the fall of 2012, Plaintiff Schultz voluntarily underwent and completed a drug and alcohol assessment, as well as counseling and treatment. Shortly after Plaintiff Schultz completed his counseling and treatment, Plaintiff and his substance abuse professional informed Defendant of Plaintiff's voluntary treatment.

18. In April of 2014, Plaintiff Schultz completed and provided to Defendant City of Madison a Self-Declaration of Disability form.

19. Plaintiff Schultz underwent additional counseling and treatment in 2015, and was diagnosed as suffering from chemical dependency, including a formal diagnosis under DSM IV.

20. Plaintiff Schultz has been clean from substance abuse for five years and is in "sustained remission."

3

21. At all relevant times, Plaintiff Schultz was an qualified individual with a disability, as that term is defined by 42 U.S.C. 12111(8) of the Americans with Disabilities Act and the Vocational Rehabilitation Act of 1973, 29 U.S.C. § 705(20)(B).

22. At all relevant times, Defendant was aware that Plaintiff was an individual with a disability within the meaning of the Americans with Disabilities Act and the Vocational Rehabilitation Act of 1973.

23. On January 7, 2013, Plaintiff Schultz was hired as a permanent, part-time employee of Defendant as a Cashier Parking Utility. He has remained employed in that position since January, 2013.

24. During the year 2013, Plaintiff Schultz applied for numerous different employment positions with the City of Madison. In his applications and job interviews, Plaintiff Schultz disclosed his disability.

25. Even though Plaintiff Schultz was qualified for the positions he applied for and, in many instances, was the most qualified applicant, he was not hired. With respect to several positions, he was offered the positions only to have the offer subsequently rescinded.

26. On December 30 of 2013, Plaintiff Schultz filed an internal disability discrimination complaint with the City of Madison, Department of Civil Rights, Affirmative Action Division. In the complaint, he alleged disability discrimination relating to his not being hired for positions he was qualified to perform.

27. Management personnel with Defendant City of Madison, who were in charge of the hiring process for their Departments, were made aware of Plaintiff's internal complaint and some were interviewed with respect to the complaint.

28. Since December of 2013, Plaintiff Schultz has applied for numerous additional, full time jobs with the City of Madison. Plaintiff disclosed his disability on job applications and verbally during most job interviews.

29. Plaintiff Schultz has had several meetings with Defendant's management personnel regarding why he continued to not be hired for full-time employment positions. In response, Plaintiff was informed, among other things, that he has not been hired due to a policy that is not in writing and does not exist.

30. Plaintiff Schultz was also told, by the City of Madison's management personnel, that he was not hired for positions because not enough time had elapsed since his positive drug test. At the time Plaintiff was told this, no policy existed at the City of Madison for a time period to lapse, after a positive drug test, before an individual would be eligible for a position that required a commercial driver's license.

31. In February of 2015, Plaintiff Schultz filed a disability discrimination and retaliation complaint with the Equal Rights Division for the State of Wisconsin, ERD Case No. CR201500448.

32. Management personnel at the City of Madison, involved in hiring decisions, were informed that Plaintiff Schultz had filed this complaint and/or were aware of his filing the complaint.

33. In February of 2015, Defendant passed a new administrative rule, APM 2-20, titled "Forfeiture of Rights to City Employment." This new rule provides a minimum time of four years for a "former employee" of the City of Madison to be removed from consideration for a safety sensitive position with Defendant, requiring a CDL, after the employee's failure to pass a random drug or alcohol test.

34. Based on the 2015 rule, APM 2-20, Plaintiff Schultz was deemed ineligible from multiple employment positions for which he has applied, despite the fact that he is not a "former employee" within the express language of APM 2-20.

35. Upon information and belief, Plaintiff Schultz is the only employee of the City of Madison who, while employed by the City of Madison, has had APM 2-20 applied to preclude eligibility for employment with the City of Madison.

36. Prior to the implementation of APM 2-20 in 2015, there was no requirement in any of Defendant's policies that a specific period of time elapse before an employee could be reconsidered for employment after separation from employment based on a positive drug test.

37. In March of 2016, Plaintiff Schultz filed a second disability discrimination and retaliation claim with the State of Wisconsin, Equal Rights Division, Case No. CR201600158, relating to continued acts of discrimination and retaliation.

38. In March of 2016, the four year time period under APM 2-20 expired with respect to Plaintiff Schultz. Since that time, the City of Madison has continued to deny Plaintiff employment opportunities for positions for which he is qualified.

**FIRST CAUSE OF ACTION**
**DISCRIMINATION IN TERMS AND CONDITIONS OF EMPLOYMENT**
**(Violation of 42 U.S.C. § 12112(a) and § 12112(b)(1)-(b)(7) and 29 U.S.C. § 794)**

39. Plaintiff reallaeges and incorporates the allegations set forth in all previous paragraphs.

40. Defendant discriminated against Plaintiff in the terms and conditions of his employment based on his disability by, among other things, refusing to hire Plaintiff for employment positions applied for during the time period 2012 through 2017.

41. Plaintiff's disability was a motivating factor in Defendant's employment decisions and actions described herein.

42. Defendant's conduct was a violation of 42 U.S.C. § 12112 (a) and § 12112(b)(1) – (b)(7) and 29 U.S.C. § 794.

43. Plaintiff has suffered and continues to suffer pecuniary harm and emotional injury as a result of Defendant's discrimination.

## SECOND CAUSE OF ACTION – RETALIATION
### (VIOLATION OF 42 U.S.C. § 12203 and 29 U.S.C. § 794)

44. Plaintiff realleges and incorporates the allegations set forth in all previous paragraphs.

45. With respect to several employment positions for which Plaintiff Schultz applied and was not chosen, members of the hiring panel referenced the fact that Schultz had filed a lawsuit against the City of Madison during discussions about which applicant to select.

46. Plaintiff has been treated in a different and less favorable manner than other employees of the City of Madison, who had positive drug tests results and were not precluded from employment positions and employment opportunities.

47. Defendant retaliated against Plaintiff by, among other things, refusing to hire Plaintiff for employment positions applied for during the time period 2013 through the present.

48. Plaintiff's assertion of claims for disability discrimination and opposing disability discrimination was a motivating factor in Defendant's retaliatory employment decisions and actions described herein.

49. Defendant's conduct was a violation of 42 U.S.C. § 12203 and 29 U.S.C. § 794.

50. Plaintiff has suffered and continues to suffer pecuniary harm and emotional injury as a result of Defendant's retaliatory conduct.

WHEREFORE Plaintiff, Daniel Schultz, respectfully requests the following relief:

A. Reinstatement;

B. Back pay;

7

C.  Prejudgment interest;

D.  Compensatory damages;

E.  Attorney's fees and costs

F.  Other such further relief as the Court deems appropriate.

**A JURY TRIAL IS DEMANDED**

Dated: February 21, 2017

                                        **BAKKE NORMAN, S.C.**

By: /s/ Peter M. Reinhardt
     Peter M. Reinhardt
     Attorney No. 1025187
     2919 Schneider Avenue, P.O. Box 280
     Menomonie, WI 54751
     (715) 235-9016

Attorneys for Plaintiff